COURT OF APPEALS OF TENNESSEE

AT KNOXVILLE

FILED

March 25, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| JIMMY R. NORMAN | ) | CAMPBELL COUNTY |
| | ) | 03A01-9702-CV-00047 |
|     Plaintiff-Appellant | ) | |
| | ) | |
|     v. | ) | |
| | ) | |
| PATRICIA NORMAN | ) | |
| | ) | |
|     Defendant-Appellee | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| PATRICIA NORMAN | ) | |
| | ) | |
|     Counter-Plaintiff and | ) | HON. CONRAD E. TROUTMAN, JR., |
|     Third-Party Plaintiff | ) | JUDGE |
| | ) | |
|     v. | ) | |
| | ) | |
| JIMMY R. NORMAN | ) | |
| | ) | |
|     Counter-Defendant/ | ) | |
|     Appellant | ) | |
| | ) | |
| AND | ) | |
| | ) | |
| JAMES GREGORY NORMAN, | ) | |
| CANDY HOLT (NORMAN), | ) | |
| EMMA JANE NORMAN, et al. | ) | |
| | ) | |
|     Third-Party Defendants/ | ) | |
|     Appellants | ) | AFFIRMED AND REMANDED |

JOHN E. APPMAN OF JAMESTOWN FOR APPELLANT CANDY HOLT NORMAN

JOHNNY V. DUNAWAY OF LaFOLLETTE FOR APPELLEE

O P I N I O N

Goddard, P.J.

The origin of this appeal was a suit for divorce brought by Jimmy R. Norman against his wife, Patricia Norman, who ultimately filed a counter-complaint against Jimmy R.[1] and a third-party complaint against their son, James Gregory Norman, Jimmy R.'s present wife, Candy Holt Norman, and Jimmy R.'s mother, Emma Jane Norman. The judgment entered granted Patricia a divorce from Jimmy R., divided the parties' personal property, declared a $150,000 promissory note--executed by Jimmy R. and Patricia in favor of Emma Jane and secured by a deed of trust-- unenforceable as to Patricia, voided the trust deed which conveyed property ultimately awarded Patricia by the Trial Court, granted Patricia $300 per month and placed a lien on real property owned by Jimmy R. and Candy Holt to secure payment of the alimony.

All of the Normans, except Patricia, appeal, raising the following issues:

---

[1]    Our use of the names of the parties should not be construed as lack of respect, but rather is for ease of reference.

2

<u>Jimmy R.</u>

1.    Did the Court properly set aside the divorce.[2]

2.    Did the Court properly set aside the property settlement agreement.


<u>James Gregory</u>

I

The property conveyed by the appellant, JAMES GREGORY NORMAN to CANDY HOLT (NORMAN) under general warranty deed should not be made subject to lien in favor of PATRICIA NORMAN to secure the payment of alimony by JIMMY R. NORMAN.  This would cause the appellant, JAMES GREGORY NORMAN, to be responsible to CANDY HOLT (NORMAN) under the general warranties contained in his deed to her.

The property conveyed to the appellant, JAMES GREGORY NORMAN, by PATRICIA NORMAN and JIMMY R. NORMAN should not be subjected to a greater share of the One hundred fifty thousand ($150,000.00) dollars note by the modification of note as to PATRICIA NORMAN and the deed of trust to other property.

II

The Court erred in not granting his Motion for Summary Judgement, for it was undisputed that he had done nothing to either conceal assets or do any thing else improperly as to PATRICIA NORMAN.


<u>Candy Holt (Norman)</u>

1.    Did the Court properly impose a lien to secure the payment by JIMMY R. NORMAN of alimony upon the property conveyed to the appellant, CANDY HOLT (NORMAN), by JAMES GREGORY NORMAN by deed dated February 12, 1993, of record in Deed Book G-7, page 279 which had been conveyed to JAMES GREGORY NORMAN by deed of JIMMY R. NORMAN and wife, PATRICIA NORMAN dated January 3, 1991, of record in Deed Book Z-6, page 220 of the Register's Office of Fentress County.

---

[2]    Initially a non-contested divorce was granted Jimmy R., which was later set aside upon the Trial Court's sustaining Patricia's Rule 60 motion.

3

2.   Did the Court err in denying the appellant, CANDY HOLT (NORMAN), Motion for Summary Judgement based upon the deposition of PATRICIA NORMAN wherein when asked "What has Candy Holt Norman done to conceal assets?" Her reply was "I know of nothing." (Tr. Vol. IV, page 85, line 15, Exhibit of the deposition of PATRICIA NORMAN, taken July 21, 1994, page 21, line 10.)

<u>Emma Jane Norman</u>

1.   The Court erred in modifying the note and deed of trust executed by the appellee, PATRICIA NORMAN, and the appellant, JIMMY R. NORMAN, payable to EMMA JANE NORMAN.

2.   The Court erred in not granting her Motion for Summary Judgement, for it was undisputed that she had done nothing to either conceal assets or do any thing else improperly as to PATRICIA NORMAN.

The original petition for divorce was filed by Jimmy R. on December 21, 1992.  Although the parties were residents of Fentress County, it was filed in Campbell County to avoid adverse publicity.  The decree, dated December 16, incorporated a property settlement agreement also dated December 16.  It recited that the hearing was held on December 8, and was filed on December 21, the same date as the petition.

On July 23, 1993, Patricia filed a Rule 60 motion seeking to set aside the divorce decree and property settlement incorporated therein, previously entered.  On September 25, 1993, the Trial Court granted Patricia's Rule 60 motion and restored the parties to their prior marital status.

4

Thereafter, the case was tried before a jury to determine which party was entitled to a divorce, resulting in a jury verdict in favor of Patricia. Thereafter, the Court resolved all remaining issues, including division of property, alimony and liability of Patricia as to a $150,000 note held by Emma Jane.

We deem it appropriate to first address certain issues raised by Patricia. She first argues that because this was a jury trial and Jimmy R. did not file a motion for a new trial he may not prevail as to the issues he propounds. The fallacy of this argument, however, is that it was a jury trial only as to the fault of the parties insofar as the divorce was concerned and not as to the matters raised by Jimmy R.

Patricia also contends that it was necessary for Jimmy R. to file a notice of appeal within the prescribed time after entry of the judgment granting the Rule 60 motion. We do not perceive this to be a final order as to all issues, and for that reason also reject this contention. We note parenthetically that if the Rule 60 motion had been denied, it would have been a final judgment, requiring entry of a notice of appeal within 30 days.

Patricia next contends that because there was no transcript of the hearing concerning the Rule 60 motion filed with the record, an issue as to the validity of the Court's action may not be entertained. It does not appear from the

5

record that any oral evidence was introduced at the hearing but, rather, only arguments of counsel and the affidavit filed by Patricia. In light of this we deem it appropriate to address the issues raised by Jimmy R.

As to his first issue, as we have already noted, the original hearing on the divorce was held on December 8, 1992, and the decree signed by the Judge on December 16, both being prior to the filing of the petition for divorce on December 21. We conclude the Trial Court properly granted the Rule 60 insofar as setting aside the divorce in that there were no pleadings filed or case pending when the hearing was held and the divorce decree signed. It seems to us that as a general rule orderly procedure requires a pending case before a valid decree may be signed.

As to the issue regarding the property settlement, it is clear from its specific terms that it was not intended to be a final agreement but, rather, a "tentative" one:

> 14. The parties agree that this Agreement of this date is a tentative agreement in that they agree that the same might be modified in light of the aforementioned tax consequences.

As to the issues raised by the other Appellants, James Gregory, Candy Holt and Emma Jane, the Court implicitly found that they, along with Jimmy R., had practiced a fraud on Patricia by various conveyances of property which resulted in the property

6

ultimately decreed to her being subject to a $150,000 deed of trust, while that ultimately received by Jimmy R. being free of this indebtedness. It also appears that the $150,000 claimed to be owed Emma Jane was in fact never loaned by her to Jimmy R. and Patricia and that from the date of the alleged loan, December 13, 1991, no payment had ever been made as to either principal or interest.

The Trial Court's implicit finding of fraud is gleaned from his use of the following language:

> This matter arises out of a Petition for divorce filed by Jimmy Norman against Patricia Norman. The Defendant filed an answer and a cross action for divorce and requested a jury. The jury returned a special verdict and held that the cross complainant was entitled to a divorce. The Court therefore grants a divorce to Patricia Norman against the cross defendant.
>
> The parties shortly before the divorce entered into a property settlement and made several deeds most all of which didn't correlate with the property settlement. It appears that the cross complainant signed any instrument which was presented to her. It is the holding of the court that the cross complainant take the residence of the parties along with the store property. The parties executed a deed of trust to the above property along with the oil company property to secure the original petitioners mother for $150,000.00. The court voids this trust deed in so far as it applies to the above mentioned residence and store property. The court vests the interest of Patricia Norman out of the oil company property and the other property owned by the parties.
>
> The cross complainant at the time of the hearing testified that she had a malignancy and was undergoing chemotherapy and only able to work a limited amount. It is the holding of the court that she is entitled to alimony in the amount of $300.00 per month. To secure the payment of the same, the cross complainant is secured by a second mortgage on the husband's and his present wife who is a third party defendant.

Each party will pay their own attorney and the court costs are taxed to the husband.

The evidence does not preponderate against the Trial Judge's findings as to fraud, and the validity of the $150,000 indebtedness. Consequently, he was justified in fashioning the property settlement as he did, as well as imposing a lien on the property titled in the name of Jimmy R. and Candy Holt to secure payment of the alimony awarded to Patricia.

Finally, we have not overlooked the assertion of James Gregory, Candy and Emma Jane that in Patricia's discovery deposition she did not contend that they had been guilty of any wrongdoing. Her deposition, however, was taken in connection with a motion for summary judgment and before she was apprised of all the facts surrounding the various transfers.

For the foregoing reasons the judgment of the Trial Court is affirmed and the cause remanded for such further proceedings, if any, as may be necessary. Costs of appeal are adjudged against Jimmy R., James Gregory, Candy Holt and Emma Jane and their sureties.

_____
Houston M. Goddard, P.J.

CONCUR:

_____
Charles D. Susano, Jr., J.


_____
William H. Inman, Sr.J.

9